**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RAYMOND PAUL GARNER,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | |
| | § | **Civil Action No. 4:05-CV-0120-A** |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The findings, conclusions, and recommendation of the United States

Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Raymond Paul Garner TDCJ-CID #1021214, is in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at

the Terrell Unit in Rosharon, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division (TDCJ-CID)

C.  FACTUAL AND PROCEDURAL HISTORY

On January 2, 2001, pursuant to a plea agreement, Garner pled guilty to felony DWI in the

213th District Court of Tarrant County, Texas, and was sentenced to ten years' confinement. (4State

Habeas R. at 22.[1]) Garner did not directly appeal his conviction or sentence. (Petition at 13.)  Thus,

the state court's judgment became final thirty days later on February 1, 2001.  *See* TEX. R. APP. P.

26.2(a)(1).  Garner has filed two state applications for writ of habeas corpus relevant to this

conviction.  The first was filed on January 2, 2002, and the second on January 5, 2004.  (4State

Habeas R. at 2; 3State Habeas R. 2)   Both were denied by the Texas Court of Criminal Appeals

without written order on November 24, 2004.  Garner filed this federal petition for writ of habeas

corpus in the Galveston Division on February 11, 2005, and the action was transferred to this

division by order dated February 18, 2005.

## D.  STATUTE OF LIMITATIONS

Dretke argues that Garner's federal petition is barred by the one-year statute of limitations.

(Resp't Preliminary Resp. at 3-5.)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for

filing a petition for federal habeas corpus relief.  The statute provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of–
>
> (A)   the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing

---

[1]"4State Habeas R." refers to the state court record of Garner's state habeas application no.
10,406-04; "3State Habeas R." refers to the state court record of his state habeas application no.
10,406-03.

by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Garner challenges his 2001 conviction on substantive grounds, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  (Resp't Resp. at  3.)  *See id.* § 2244(d)(1)(A).  As noted, Garner's state conviction became final on February 1, 2001; thus, the one-year limitations period expired one year later on February 1, 2002, absent any applicable tolling.  Applying the tolling provision in § 2244(d)(2), Garner's state writ applications tolled the limitations period during the pendency of the state habeas proceedings, 1057 days, making Garner's federal petition due on or before December 24, 2004.  *Id.* § 2244(d)(2).  Because Garner did not file his federal petition until February 11, 2005, after the limitations period had already expired, the petition is untimely, unless equitable tolling is appropriate.

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time.  *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Garner contends that his federal petition should not be time-barred because he did not receive notice from the Texas Court of Criminal Appeals that it had denied his state habeas applications until February 3, 2005, in response to his letter dated January 25, 2005.  (Attachment to Petition; Pet'r Reply at 3-4 & Exhibit 6.)

Dretke has provided evidence that, on November 24, 2004, the day the Court of Criminal Appeals denied Garner's state habeas applications, the court sent Garner notice of its denial by postcard, the official notice of the court, to his address of record at the Stevenson Unit.  (Resp't Resp. to Court Order, Exhibit A.)  Prison records indicate, however, that when the postcard was received by the prison's mail system on November 26, 2004, Garner was "not on unit."  (Resp't Resp. to Court Order, Exhibits A, B, C.)  According to the affidavit of Thomas Warren, Administrative Assistant to the State Classification Committee for TDCJ-CID:

> On 11-15-04 offender Garner was assigned to the Stevenson Unite in Cuero, Texas. On 11-19-04 offender Garner was transferred to the Darrington Unit en route to Hospital Galveston.  On 11-22-04 offender Garner arrived at Hospital Galveston where he remained until he was released from the hospital on 11-24-04 and transferred to the Terrell Unit in Rosharon, Texas. (*Id.*, Exhibit B.)

Although a delay in receiving notification that Garner describes can qualify for equitable tolling, based on the evidence presented, this case does not justify application of the doctrine here. *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).  Garner was transferred to the Terrell Unit, where he remains incarcerated, on November 24, 2004, but he failed to notify the state court of his address change until January 25, 2005.  Garner cannot lay blame on the state court where he failed to inform the court of his change of address for some two months for no apparent reason.  This delay mitigates against equitable tolling.  Thus, his petition cannot be salvaged by equitable tolling under the circumstances.

Garner's federal petition for habeas relief was due on or before February 1, 2002.

Accordingly, Garner's petition, filed on February 11, 2005, is untimely.  28 U.S.C. § 2244(d)(1)-(2).

## II.  RECOMMENDATION

Garner's petition for writ of habeas corpus should be dismissed with prejudice as time-

barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until June 22, 2005.  The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 22, 2005, to

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 1, 2005.


        /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE