U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 11 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

```
              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | |
|---|---|
| RAYMOND PAUL GARNER, § § | |
| Petitioner, § § | |
| VS. § | NO. 4:05-CV-120-A |
| § | |
| DOUGLAS DRETKE, DIRECTOR, § TEXAS DEPARTMENT OF CRIMINAL § JUSTICE, CORRECTIONAL § INSTITUTIONS DIVISION, § § | |
| Respondent. § | |

## O R D E R

Came on for consideration the above-captioned action wherein Raymond Paul Garner is petitioner and Douglas Dretke is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On June 1, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by June 22, 2005. By order signed June 13, 2005, the court construed a letter, attached to such order as an exhibit, as petitioner's objections. Neither petitioner nor respondent has made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge recommended that the instant petition be dismissed with prejudice as time-barred. See 28 U.S.C. § 2244(d). In part the magistrate judge found that equitable tolling was inapplicable because, although petitioner was delayed in receiving notice that his state habeas petition had been denied, such delay was the result of petitioner's two-month delay in notifying the state court of his change in address.

In his objections, petitioner contends, for the first time, that equitable tolling should apply because he was required to leave all his legal work behind when he was transported to the hospital in Galveston. However, he has consistently maintained, and still maintains, that he was prevented from timely filing because he received delayed notice of the denial of his state habeas petition. Moreover, in a response filed April 1, 2005, petitioner specifically indicates that, if he had received timely notice from the state court, his federal petition would have been filed within the time allotted by law. As discussed in the magistrate judge's findings, conclusions, and recommendation, the delay in petitioner's receipt of such notice was caused by his two-month delay in notifying the state court of his changed address after he was transferred from the hospital to his present place of incarceration on November 26, 2004. It is clear from the documents filed in this action that the delay in petitioner's filing was cause by his own negligence, and the court agrees with the magistrate judge that equitable tolling is inapplicable. See Ott v. Johnson, 192 F.3d 510, 513-14 (5th Cir. 1999) (noting that

"excusable neglect" does not warrant equitable tolling).
Accordingly,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed with prejudice as time-barred.

SIGNED July 11, 2005.

_____
JOHN McBRYDE
United States District Judge

3